In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-036 CV


____________________



TIMOTHY PAUL MARTIN, Appellant



V.



STATE OF TEXAS, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-163,930






O P I N I O N


 Timothy Paul Martin appeals the trial court's granting of the State of Texas's plea
to the jurisdiction. The State was the only defendant in Martin's suit asserting claims of
false imprisonment and negligence.

 On appeal, Martin first contends the state is not entitled to immunity from his claims
because immunity was waived under the Texas Tort Claims Act ("Act"). This is so, he
says, because he was falsely imprisoned and transported to prison in a state vehicle while
handcuffed; thus, he maintains his claims involve the use of tangible personal property,
i.e., motor vehicles and handcuffs.

 However, the Act does not waive sovereign immunity for claims of false
imprisonment. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997). 
Further, Martin's claims of negligence are associated with his criminal sentencing in 1990,
as well as his various subsequent appeals and applications for writs of habeas corpus and
writs of mandamus. The limited waiver of sovereign immunity set forth in the Act does
not apply to Martin's claims of negligence either. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.021 (Vernon 1997). 

 As Martin does not plead or otherwise establish legislative consent to bring his
action, we overrule Martin's issue and find the trial court properly granted the State's plea
to the jurisdiction. See Federal Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). 

 Martin also asserts that the trial judge should have recused himself. Attached to
Martin's brief is an instrument dated October 30, 2001, and entitled "Plaintiff's Objection
to [the presiding judge's] Hearing This Case." However, this document is not part of the
appellate record, and nothing in the record shows Martin ever presented his objection to
the trial court. Thus, Martin has preserved nothing for our review on his recusal issue,
which is overruled. See Tex. R. App. P. 33.1(a).

 Martin also complains that the trial court did not act on his motion for appointment
of counsel. While this motion is part of the appellate record, nothing in the record
indicates the trial court heard the motion or that Martin sought a hearing on it. Again,
Martin preserves nothing for our review on his appointment of counsel issue, which is
overruled. See Tex. R. App. P. 33.1(a).

 Martin also alleges various acts of retaliation occurring subsequent to his filing of
this suit. There is no appellate record regarding these matters. Nothing has been
preserved for our review on the retaliation issue, which is overruled. See Tex. R. App.
P. 33.1(a).

 We overrule all of Timothy Paul Martin's issues and affirm the trial court's
dismissal of his claims.

 AFFIRMED.



 PER CURIAM


Submitted on July 15, 2002

Opinion Delivered July 25, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.